NOTE CHANGES MADE TO THE PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| MARGARET BARNES, ERIC SENKYRIK, MICHAEL HOGAN, SHARON JACKSON, SCOTT KAHLER and MARK PANNULLO, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>FORD MOTOR COMPANY<br><br>Defendant. | Case No. 2:22-cv-06147-AB-AGR<br><br>~~[PROPOSED]~~ ORDER ON STIPULATED PROTECTIVE ORDER<br><br>*NOTE CHANGES MADE TO THE PROTECTIVE ORDER ATTACHED* |

1  Based on the parties' Stipulated Protective Order filed concurrently herewith,
2  and good cause appearing, the Court hereby ENTERS the Protective Order as set forth
3  therein.
4  IT IS SO ORDERED.

Dated: November 1, 2023

*Alicia G. Rosenberg*

HONORABLE ALICIA G. ROSENBERG
UNITED STATES MAGISTRATE JUDGE

| | | |
|---|---|---|
| 1 | Tarek H. Zohdy (SBN 247775)<br>Tarek.Zohdy@capstonelawyers.com | Amir Nassihi (SBN 235936)<br>anassihi@shb.com |
| 2 | Cody R. Padgett (SBN 275553)<br>Cody.Padgett@capstonelawyers.com | Rodrigo E. Salas (SBN: 194462)<br>rsalas@shb.com |
| 3 | Laura E. Goolsby (SBN 321721)<br>Laura.Goolsby@capstonelawyers.com | **Shook Hardy & Bacon L.L.P.**<br>555 Mission St. Suite 2300 |
| 4 | **Capstone Law APC**<br>1875 Century Park East, Suite 1000 | San Francisco, CA 94105<br>Tel.: 415-544-1900 \| Fax: 415-391-0281 |
| 5 | Los Angeles, California 90067<br>Tel.: 310. 556-4811 | John M. Thomas (SBN 266842) |
| 6 | | jthomas@dykema.com<br>Krista L. Lenart |
| 7 | Russell D. Paul (*pro hac vice*)<br>rpaul@bm.net | (pro hac vice to be filed)<br>klenart@dykema.com |
| 8 | Amey J. Park (*pro hac vice*)<br>apark@bm.net | **Dykema Gossett PLLC**<br>333 South Grand Avenue, Suite 2100 |
| 9 | Abigail J. Gertner (*pro hac vice*)<br>agertner@bm.net | Los Angeles, California 90071<br>Tel.: 213.457-1800 \| Fax: 213.457-1850 |
| 10 | **BERGER MONTAGUE PC**<br>1818 Market Street, Suite 3600 | |
| 11 | Philadelphia, PA 19103<br>Telephone: (215) 875-3000 | Attorneys for Defendant<br>FORD MOTOR COMPANY |
| 12 | Facsimile: (215) 875-4604 | |
| 13 | *Attorneys For Plaintiffs And The Proposed Class And Subclasses* | |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARGARET BARNES, ERIC SENKYRIK, MICHAEL HOGAN, SHARON JACKSON, SCOTT KAHLER and MARK PANNULLO, individually and on behalf of all others similarly situated,<br><br>         Plaintiffs,<br>  v.<br><br>FORD MOTOR COMPANY,<br><br>         Defendant. | Case No.: 2:22-cv-06147-AB-AGR<br><br>*Assigned to Judge Andre Birotte Jr. and Magistrate Judge Alicia G. Rosenberg*<br><br>**STIPULATED PROTECTIVE ORDER**<br><br>**NOTE CHANGES MADE BY COURT** |

The purpose of this Protective Order is to safeguard the production of Discovery Material that is confidential, commercially sensitive, proprietary, or privileged, and to facilitate the prompt resolution of disputes over confidentiality and privilege, pursuant to the Court's inherent authority, its authority under Federal Rule of Civil Procedure 26(c) and Federal Rule of Evidence 502(d), and the judicial opinions interpreting such Rules.

The Parties shall serve a copy of this Order simultaneously with any discovery request made to a third party. To preserve and maintain the confidentiality of certain confidential, commercial and/or proprietary documents and information produced or to be produced in this action, the terms of this Protective Order are as follows:

1. As used in this Order, the term "Discovery Material" means all testimony, written material, electronic data, videotapes and all other tangible items, produced in whatever format (e.g., hard copy, electronic, digital, etc.) and on whatever media (e.g., hard copy, videotape, computer diskette, CD-ROM, DVD, by secure electronic transmission, hard drive or otherwise).

2. All Discovery Material produced by the Parties or third parties in this case and labeled "SUBJECT TO PROTECTIVE ORDER or "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "OUTSIDE COUNSEL ONLY" (collectively, "Protected Document(s)") shall be used only in this Proceeding, as follows:

   a. A Party producing Discovery Material (the "Producing Party") may designate the Discovery Material as "SUBJECT TO PROTECTIVE ORDER" OR "CONFIDENTIAL" if the Producing Party believes in good faith that the material is confidential and it (i) would not normally reveal the information to third parties except in confidence or has undertaken with others to maintain in confidence, or (ii) is protected by a right to privacy under federal or state law or any other applicable privilege or right related to confidentiality or privacy.

b.  A Producing Party may designate Discovery Material as "HIGHLY CONFIDENTIAL" if it meets the requirements for "Confidential" information, as set forth above, and which a Producing Party believes in good faith that it would likely cause competitive, commercial, or financial injury if disclosed beyond those designated in paragraph 8 below. This designation is intended for information that constitutes proprietary financial, technical, competitive, or commercially sensitive information that the Producing Party maintains as highly confidential in its business, e.g., materials relating to future products, strategic plans, non-public financial data, and trade secrets. This designation also includes information obtained from a non-party pursuant to a nondisclosure agreement that falls within the foregoing definition of HIGHLY CONFIDENTIAL material unless the non-party permits a different designation in writing.

c.  If a Producing Party believes in good faith that a document contains highly confidential information and its disclosure would present a risk of competitive, commercial or financial harm to the Producing Party that could not be avoided by less restrictive means and the HIGHLY CONFIDENTIAL protection does not afford it sufficient protection, the Producing Party shall meet and confer with the Receiving Party on the appropriate protection for such documents that the Producing Party believes would extend beyond the HIGHLY CONFIDENTIAL designation, and thereafter may apply the appropriate agreed-upon protections by designating the document as OUTSIDE COUNSEL ONLY.

3.  Protected Documents shall be used, shown, or disclosed only as provided in this Order. However, nothing in this Order shall limit a Party's use or disclosure of its, his, or her own information designated as a Protected Document or Protected Information.

4.  The Producing Party that designates information or items for protection under this Protective Order must act in good faith in designating the Discovery Material. The Producing Party will not designate entire families of

documents (e.g., e-mails with attachments) if every document in the family does not qualify for the same designation. If the Producing Party designates a family of documents as Protected, and the Receiving Party believes each document in the family should be separately designated, the Parties will meet and confer to resolve the issue.

5. A Party receiving Discovery Material (the "Receiving Party") shall not be obligated to challenge the propriety of any Protected designation under this Order at the time the designation is made, and a failure to do so shall not preclude a subsequent challenge thereto. If any Party believes in good faith that any Protected Documents have been misclassified under this Protective Order, are not properly subject to the confidentiality designation assigned to it, or should not be subject to this Protective Order, that Party must notify the Designating Party and Producing Party in writing, including by email, and identify the documents with specificity, including by Bates number where available, and provide the specific grounds for the objection to the designation. The Parties shall attempt to resolve each challenge in good faith and must confer directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 business days of the date of service of the written notice. In conferring, the Party challenging the designation must explain the basis for its, his, or her belief that the confidentiality designation was not proper and must give the Producing Party an opportunity to review the designated material, to reconsider circumstances; if no change in designation is offered, the Producing Party must explain the basis for the chosen designation. If the Parties are unable to resolve the issue of confidentiality regarding the challenged document(s), within 30 business days of receiving notice of objection to the confidentiality designation, any Party may move for a determination as to whether the challenged designation is appropriate within the Court's scheduling order. The challenged document(s) will continue to be treated as designated pending determination by the Court as to the confidential status. Each Party reserves the right to challenge a confidentiality designation for purposes of

- 4 -

STIPULATED PROTECTIVE ORDER
CASE NO.: 2:22-cv-06147-AB-AGR

determining whether a Protected Document should be filed (or remain filed) under seal, even if such designation meets the definition of Protected Documents under this Protective Order.

6. Protected Documents and any copies thereof shall be maintained as confidential by the persons authorized to receive the documents pursuant to paragraphs 7, 8 and 9 and shall be used only for prosecuting, defending, or attempting to settle this litigation, subject to the limitations set forth herein.

7. Discovery Material designated "SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL" shall be disclosed only to "Qualified Persons." Qualified Persons are limited to:

   a. Ford's in-house attorneys working on this matter, including those working under their supervision and direction.

   b. Any individual Party, or, in the case of a Party that is not a natural person, any officers, directors and employees who are involved in the discovery proceedings or preparation of this litigation for trial.

   c. The Parties' outside counsel, including their partners, members, associates, attorneys, paralegals, investigative, technical, secretarial, and clerical personnel assisting them in this litigation.

   d. Professional vendors and other persons providing litigation support services to any Party to this litigation or its counsel, including translators, photocopying, data processing and hosting, document review, graphic production, jury research, or trial preparation services.

   e. Experts and non-attorney consultants retained by the Parties to assist in the prosecution or defense of claims asserted in this case, provided that no disclosure shall be made to any expert or consultant who is employed or retained by a competitor of the Producing Party.

   f. The Court, the Court's staff, witnesses, and the jury in this case.

   g. Custodians, authors and recipients of the documents.

   h. When reasonably necessary, a deponent or testifying witness, former employee of a Party, or other potential deponent or witness who is already familiar with or reasonably expected to know the information reflected in the Discovery Material, as demonstrated by the fact that: (i) he or she was identified in the course of discovery as having previously received or having knowledge of (a) that designated material, (b) information contained in it, or, (c) in the case of material concerning a meeting, telephone call, or other communication, as having participated in such meeting, call, or communication; or (ii) the Discovery Material makes specific reference to the conduct or statement of the deponent or testifying witness. Further, such Protected Documents may be shown to the persons described in this subsection only for a reasonable length of time sufficient to determine whether the person is familiar with, has previously seen, or has knowledge of the underlying information contained in the Protected Document. In addition, such persons may not retain copies of Protected Documents unless permitted by other provisions of this Protective Order.

   i. Court reporters or videographers in connection with the course of a deposition in this matter.

   j. Special masters, mediators, and their direct staff.

   k. Any other person with the prior written consent of the Producing Party or permitted by the Court.

  8. Documents designated HIGHLY CONFIDENTIAL shall be disclosed only to persons described in paragraphs 7(a), (c), (d), (e), (f), (i), (j), and (k).

  9. Before receiving access to any Protected Document or the information contained therein, each person described in paragraphs 7(d), (e), (g), (h) (i), and (k) above shall be provided with a copy of this Protective Order, which he or she shall read, and, upon reading this Protective Order, shall execute a "Written Assurance" in the form attached hereto as Exhibit A.

10. Counsel for the Parties shall retain each such executed Written Assurance(s) and a list of the Protected Documents disclosed to each actual or potential witness who signed the Written Assurance(s) and was shown Protected Documents outside of a deposition or in-court testimony. After the termination of this litigation (including appeals), the Receiving Party shall produce to the Producing Party a list of the Protected Documents disclosed to each non-testifying witness or consulting expert outside of a deposition or in-court testimony, organized by Bates number, and listing the number of non-testifying witnesses and consulting experts to whom each Protected Document has been disclosed outside of a deposition or in- court testimony. This production shall not include identifying information about the witnesses and shall be organized document-by-document. The Receiving Party must keep a list of which non-testifying witnesses and consulting experts reviewed which documents. The Producing Party may move for disclosure of the names of witnesses to whom a Protected Document was shown upon a showing of good cause of a violation of this Protective Order and this Court will determine whether production of the names is warranted.

11. Any Party or third party may designate documents exchanged, whether in response to formal or informal requests, as "Subject to Protective Order," "Confidential," "Highly Confidential," or "Outside Counsel Only" by: (a) including a statement that such information is "Subject to Protective Order," "Confidential," "Highly Confidential," or "Outside Counsel Only" in the answer or response; or (b) designating such information as "Subject to Protective Order," "Confidential," "Highly Confidential," or "Outside Counsel Only" thereafter as provided in this Protective Order. A legend of "Subject to Protective Order," "Confidential," "Highly Confidential," or "Outside Counsel Only" shall also be included on each page of a document over which confidentiality is claimed.

12. As the Protected Documents may be distributed only to Qualified Persons solely for purposes of this litigation, Qualified Persons may not post

Protected Documents on any public website other than CM/ECF and shall not under any circumstance sell, offer for sale, advertise, or publicize either the Protected Documents and the Protected, Confidential, Highly Confidential, or Outside Counsel Only information contained therein or the fact that such persons have obtained a Party's Protected Documents and confidential information.

13. To the extent that Protected Documents or information obtained therefrom are used in the taking of depositions, such documents or information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony [] dealing with, referring to or referencing the Protected Documents or information. The Party using Protected Documents shall take all reasonable steps to maintain confidentiality of the Protected Documents during such use by redacting documents or testimony to the extent possible, requesting that the Court seal any transcript or exhibits with respect to the Proceeding [].

14. A Producing Party may produce records in this litigation that contain Personally Identifying Information ("PII") of certain individuals. While a Producing Party may redact PII, redacting certain PII may be unduly burdensome, and thus such Party may choose to not redact PII in all documents produced subject to applicable law or regulation. The Parties agree that any PII contained in documents produced in this litigation shall be treated as Protected Documents or Protected Information, pursuant to the terms of this Order. Nothing in this paragraph shall be construed as a waiver by the Parties of their position that the Parties are entitled to redact PII. Defendant may redact Highly Confidential information if it is irrelevant under these three criteria: (1) the information is not related in any way to the DPS6 transmission equipped in Ford vehicles, (2) the information involves confidential information of a nonparty that Ford is bound by agreement, order, or law to protect, and (3) it is readily apparent that the information falls within (1) or (2). If it is not readily apparent to Plaintiffs that

redacted information is irrelevant under this criteria, the Parties must meet and confer before bringing any dispute under this paragraph to the Court.

15. The Producing Party shall preserve an unredacted version of any document that it redacts. The process for challenging the designation of redactions shall be the same as the process for challenging the designation of Protected Material set forth in paragraph 5. If counsel for the Producing Party agrees that information initially redacted should not be redacted or should receive alternative treatment, or if the Court orders the same, and the material is subsequently produced in unredacted form, all affected pages shall bear the legend applicable to the confidentiality designation made by the Producing Party, and shall continue to be treated in accordance with that confidentiality designation.

16. Filing Protected Material. All documents or testimony that are filed with the Court that contain any portion of any Protected Documents or Protected Information shall be filed with an application to file under seal pursuant to Local Rule 5.3 and/or 79-5.

17. In the case of depositions or other pre-trial testimony, designation of the pages and lines of the transcript (including exhibits) which contains "Confidential," "Highly Confidential" or "Outside Counsel Only" material shall be made (i) by a statement to such effect on the record during the Proceeding in which the testimony is received, or (ii) by written notice served on counsel of record in this Litigation within thirty (30) calendar days after the receipt of the final transcript of such Proceeding (as used herein, the term "draft transcript" does not include an ASCII or rough transcript). However, before such thirty (30) day period expires, all testimony, exhibits and transcripts of depositions or other testimony shall be treated as "Highly Confidential" material. All portions of deposition transcripts not designated "Confidential," "Highly Confidential," or "Outside Counsel Only" shall be deemed not confidential unless the testimony contains PII. Portions of deposition transcripts containing PII shall automatically be deemed as "Confidential" without

1  designation unless a Party designates such information as "Highly Confidential" or
2  "Outside Counsel Only".

3      18.    Production of documents or information containing confidential
4  information that should have been designated as Protected Document(s) shall not be
5  deemed a waiver in whole or in part of the Producing Party's claims of
6  confidentiality. In the event that a Party produces a document without a
7  confidentiality designation as permitted by this Order, the Producing Party shall,
8  within ten (10) business days of the discovery of the disclosure, notify the other
9  Party in writing and provide a replacement image for the document and an overlay
10 with the new confidentiality designation in the appropriate metadata field. The
11 Party receiving such notice shall promptly certify destruction of the improperly
12 designated document, including all copies thereof. The production of such
13 document does not constitute a waiver of any claim of confidentiality as set forth in
14 this order or any other matter in any other jurisdiction, unless otherwise ordered by
15 the Court.

16     19.    If a Party is served with a subpoena or a court order issued in other
17 litigation that compels disclosure of any Protected Material, that Party must:
18 promptly notify in writing the Designating Party unless prohibited by law from
19 doing so. Such notification shall include a copy of the subpoena or court order;
20 promptly notify in writing the Party who caused the subpoena or order to issue in
21 the other litigation that some or all of the material covered by the subpoena or order
22 is subject to this Order; and cooperate with respect to all reasonable procedures
23 sought to be pursued by the Designating Party whose Protected Material may be
24 affected. If the Designating Party timely seeks a protective order, the Party served
25 with the subpoena or court order shall not produce any Protected Material before a
26 determination by the court from which the subpoena or order issued, unless the
27 Party has obtained the Designating Party's permission. The Designating Party shall
28 bear the burden and expense of seeking protection of its Protected Material, and

nothing in these provisions should be construed as authorizing or encouraging a Receiving Party to disobey a lawful directive from another court.

20. This Protective Order is entered pursuant to and invokes the protections of Federal Rule of Evidence 502(d).

21. The Parties may disclose and produce responsive Discovery Material to each other in this litigation and seek to do so without risking waiver of any attorney-client privilege, work product, or other applicable privilege or protection. As such, the Parties will adhere to the following procedures with regard to the production of privileged or protected material, should that occur:

    a. The production of Discovery Material (including both paper documents and electronically stored information or "ESI") subject to protection by the attorney-client and/or work product doctrine or by another legal privilege protecting information from discovery, shall not constitute a waiver of any privilege or other protection, provided that the Producing Party reasonably notifies the Receiving Party, in writing, of the production after its discovery of the same.

    b. If the Producing Party notifies the Receiving Party after discovery that privileged materials (hereinafter referred to as the "Identified Materials") have been produced, the Identified Materials and all copies of those materials shall be destroyed or deleted, on request of the Producing Party. If the Receiving Party has any notes or other work product reflecting the contents of the Identified Materials, the Receiving Party will not review or use those materials unless a court later designates the Identified Materials as not privileged or protected.

    c. The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents. The Receiving Party may make no use of the Identified Materials during any aspect of this matter or any other matter,

1 including in depositions or at trial, unless the documents have been designated by a
2 court as not privileged or protected.
3       d.    The contents of the Identified Materials shall not be disclosed to
4 anyone who was not already aware of the contents of them before the notice was
5 made. The Receiving Party must take reasonable steps to retrieve the Identified
6 Materials if the Receiving Party disclosed the Identified Materials before being
7 notified.
8       e.    Nothing in this Order limits or otherwise modifies an attorney's
9 ethical responsibilities with respect to the review or disclosure of privileged
10 information.
11       f.    The Party destroying the Identified Materials may move the
12 Court for an order compelling production of some or all of the Identified Material
13 destroyed, but the basis for such motion may not be based on the fact or
14 circumstances of the production.
15       g.    The disclosure of Identified Materials in this action is not a
16 waiver of the attorney-client privilege, work product doctrine or any other asserted
17 privilege in any other federal or state proceeding, pursuant to Federal Rule of
18 Evidence 502(d).
19     22.    No provision of this Protective Order shall constitute a concession by
20 any Party that any documents are subject to protection by the attorney-client
21 privilege, the work product doctrine or any other potentially applicable privilege or
22 doctrine. No provision of this Protective Order is intended to waive or limit in any
23 way either Party's right to contest any privilege claims that may be asserted with
24 respect to any of the documents produced except to the extent set forth herein.
25     23.    This Protective Order shall not be construed to prohibit any Party's
26 disclosure or production of safety-related information to a regulatory agency or
27 governmental entity with an interest in the safety-related information. If any Party
28 has a reasonable belief that certain documents are safety-related and need to be

disclosed to a regulatory agency or governmental entity, material subject to this Protective Order may only be disclosed to such regulatory agency or governmental entity with an interest in the safety-related information by Ford, and such disclosure shall be made pursuant to 49 C.F.R. § 512 or similar applicable rules. Ford will, in that instance, provide Plaintiffs with a copy of any disclosure, pursuant to this Protective Order, if appropriate, to the regulatory agency or governmental entity unless the regulatory agency objects or does not consent to the disclosure.

24. If other Parties to this Protective Order have a reasonable belief that certain documents are safety-related and need to be disclosed to a regulatory agency or governmental entity, they are not prohibited from advising the regulatory agency or governmental entity that they believe such documents were produced in this case, however, any disclosure of such documents shall adhere to the procedure described in Paragraph 25.

25. This Protective Order may not be waived, modified, abandoned or terminated, in whole or part, except by an instrument in writing signed by the Parties or as ordered by the Court. If any provision of this Protective Order shall be held invalid for any reason whatsoever, the remaining provisions shall not be affected thereby.

26. For purposes of this Protective Order, the "final determination of this Proceeding" shall be deemed to be the latter of (i) full settlement of all claims; (ii) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials and reviews, if any, of this Proceeding (excluding any time period under which the Court has supervision or oversight over any relief issued through a consent decree or any non-preliminary injunction issued by the Court); or (iii) the expiration of all time limits under federal law for the filing of or application for all appeals, rehearings, remands, trials or reviews of this Proceeding, including the time limits for the filing of any motions or applications for extension of time pursuant to applicable law.  []

27.    Within 90 calendar days of the final determination of this Proceeding, through commercially reasonable efforts, all Protected Documents, including all hard and electronic copies, derivations, and summaries thereof, shall be destroyed or deleted, with a written certification of such secure destruction or deletion provided to the Producing Party or third party. This includes the secure destruction or deletion of Protected Documents provided to any person, including independent experts. Protected Documents that may exist on any back up media must also be destroyed or deleted within 90 calendar days of the final determination of this Proceeding. Notwithstanding this provision, Counsel of record are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, excluding Protected Documents or material.

28.    This Protective Order shall be binding upon the Parties hereto, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control, and remain binding following final determination of this Proceeding.

29.    The Parties may, by written agreement, stipulate to modifications of this Order, as necessary.

30.    Any use of Protected Material at trial shall be governed by the orders of the trial judge. This Order does not govern the use of Protected Material at trial.

31.    This Protective Order shall not operate as an admission by any Party that receives any particular document or information designated as Confidential Information that such document or information contains or reflects Confidential

Information. This Protective Order shall operate unless superseded by an order of the Court.

**AGREED AND STIPULATED:**

Dated: September 8, 2023              CAPSTONE LAW APC

                                      By:   /s/ *Tarek H. Zohdy*
                                            Tarek H. Zohdy

                                      *Attorneys for Plaintiffs and the Proposed Class and Subclasses*

Dated: September 8, 2023              SHOOK, HARDY & BACON L.L.P.

                                      By:   /s/ *Amir Nassihi*
                                            Amir Nassihi

                                      Attorneys for Defendant
                                      FORD MOTOR COMPANY

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I hereby certify that the content of this document is acceptable to counsel for Plaintiffs, and that I have obtained counsel's authorization to affix his electronic signature to this document.

                                      By:   /s/ *Amir Nassihi*
                                            Amir Nassihi

- 15 -                              STIPULATED PROTECTIVE ORDER
                                    CASE NO.: 2:22-cv-06147-AB-AGR

### Exhibit A

I, _____, state:

1. I have read the Protective Order attached hereto, and I understand its terms and meanings.

2. I further agree that I will not disclose any Protected Documents to any person except as allowed by the terms of the Protective Order.

3. Upon the final determination of this Proceeding, I shall promptly destroy or delete all Protected Documents provided to me as well as any notes or derivations thereof. I understand that my obligation to honor the confidentiality of such material will continue even after this Proceeding concludes.

4. I agree that my signature below submits me to the jurisdiction of the United States District Court in the Central District of California, in the above captioned case and binds me to the provisions of the Protective Order, including to all promises undertaken in the Order, as if originally agreed by me.

5. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on  _____

_____
[Printed Name]

_____
[Signature]